IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**YVETTE ARAGON**,

       Plaintiff,

vs.                                       No. 10-CV-848 RHS

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security,**

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS PURSUANT TO EQUAL JUSTICE ACT**

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to Equal Justice Act (Doc. 22). The Court considered the motion, response, reply, relevant law, and supplemental authority, and grants in part and denies in part Plaintiff's Motion. Specifically, the Court grants the motion to award to Plaintiff $4,848.60 for attorneys fees, $350.00 for the court filing fee, and $17.13 for service. The Court denies the request for $339.40 of New Mexico gross receipts tax.

The monetary award is based on this Court's Memorandum Opinion and Order (Doc. 20) and Judgment (Doc. 21), which remanded Ms. Aragon's case to the Social Security Administration. After the remand, Ms. Aragon moved for attorneys fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 22). Based upon a review of the record in the underlying social security disability benefits case, the position of the Social Security Administration was not substantially justified, the Plaintiff was the prevailing party, and therefore entitled to the award. § 2412(d)(1)(B) and § 2412(d)(2)(H). The Social Security

Administration does not object to an award of attorney fees, the court filing fee or the service of process fee (Doc. 23).

However, the parties dispute an award of New Mexico gross receipts taxes, in this case for $339.40.  This district has previously disallowed state taxes as part of a fee and expense award because awarding state taxes was not within the spirit of the Act.  <u>NLRB v. Pueblo of San Juan</u>, 305 F. Supp, 1229, 1238 (D.N.M. 2003).  Plaintiff has not supplied a reason to depart from that ruling.  According to the statute in question, "A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation."  28 U.S.C. § 2412(a)(1).  New Mexico's gross receipts tax is not so much a cost incurred by a party in litigation as it is the attorney's cost for operating a business in the state.  Gross receipts are for "the privilege of engaging in business . . . imposed on any person engaging in business in New Mexico."  NMSA 1978 § 7-9-4.  The attorney, who is the person engaging in business, is responsible for paying the gross receipts to the State of New Mexico when receiving fees from a client.  Statute does not make it the client's cost incurred as a party in the litigation.

The statute also specifies what categories are included in an award: "'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  Attorney business taxes are not listed as a type of expense that is covered by the Act.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Attorney Fees and Costs Pursuant to Equal Justice Act (Doc. 22) is granted in part and denied in part. The Court grants the motion to award to Plaintiff $4,848.60 for attorneys fees, $350.00 for the court filing fee, and $17.13 for service. The Court denies the request for $339.40 of New Mexico gross receipts tax.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE